(April 1, 1895.)

## KELLY v. LEACHMAN.

[39 Pac. 1113.]

STIPULATION MODIFYING JUDGMENT.—A judgment may be modified by consent of parties or their attorneys of record, and in such case costs are awarded to the party in whose favor the modification is made.

APPEAL from District Court, Nez Perces County.

E. O'Neill, for Appellant.

Rand & Reid, for Respondents.

No brief on file upon the point ·decided by the court.

MORGAN, C. J.—This is an action for foreclosure of a mortgage brought by Kelly against Leachman. Decree of foreclosure was made and entered January 24, 1894. On the twenty-fourth day of March, 1894, the defendant appealed to the supreme court upon the judgment entered in this case, and assigns for error the following language in the decree, namely: "That the purchaser or purchasers of said mortgaged premises at such sale, or his or their assigns, be let into the immediate possession thereof, and that the said sheriff or his deputy, immediately after making such sale, dispossess, eject, and oust from said land and premises any and all persons in possession thereof, or any part thereof, and place the person or persons holding the certificate of sale made by said sheriff into the possession of the premises so sold." Also that there is no finding or disposition of $129.80 in the hands of the receiver made in the decree. We find on file a stipulation of the parties disposing of the $129.80, by which stipulation the plaintiff M. A. Kelly received fifty-five dollars thereof, and the balance of said sum, seventy-four dollars and eighty cents, was paid to E. O'Neill, attorney for mortgagor and appellant. We further find on file the consent of the attorney for the respondent that the words above quoted, as appearing in the decree, should be stricken therefrom. It is therefore ordered by this court that the foregoing words, requiring the sheriff to give the purchaser of such sale immediate possession of the land, and oust the defendant therefrom, shall be stricken out. As the stipulation of the parties disposed of the money in the receiver's hands, and as the judgment is modified as above stated, both errors relied upon by the appellant are corrected, and the judgment, therefore, must be affirmed. It is further ordered that costs of appeal be awarded to appellant, for the reason that the stipulations for the disposition of

the money and for the modification of the judgment were made after the appeal was taken. ·

Huston and ˙Sullivan, JJ., concur.